RATTOON tion is also defective in not averring a breach of the
v.
OVERACKER. bond, and that no award was made by reason of a revoca-
tion, or that an award was made, and that the defendant
refused to abide by it.

————— ·⟡· —————

RATTOON and another *against* OVERACKER, Executor
of CRAIG.

To a declaration THIS was an action of *assumpsit*. The declaration
against *A* as
executor of *B.*, was on a promissory note made by *Moses Craig*, deceased,
the defendant
pleaded in a- and for goods sold and delivered, and for the use and
batement that
*B.* died intes- occupation of land.
tate, and letters
of administra- The defendant pleaded in abatement of the declara-
tion were after-
tion, because *Craig* died intestate, on the 21st *January*,
wards granted
to the defend- 1809, and after his death, to wit, on the 24th *Novem-*
ant, &c.
The plaintiff *ber*, 1809, administration, &c. was granted to the de-
replied, that
previous to fendant and his wife, without this, that the defendant is
granting the or ever was executor, &c. and that he is ready to veri-
letters of admi-
nistration, the fy, &c. wherefore he prays judgment of the said bill, and
defendant made
himself execu- that the same may be quashed, &c.
tor *de son tort*,
&c. The plaintiffs replied, that previous to granting the
On demurrer,
the replication letters of administration, &c. the defendant became ex-
was held to be ecutor, &c. *of his own wrong*, &c.; that is, the defend-
bad, and the
declaration was ant, previous to the granting of administration, &c. took
quashed. Tak-
ing out letters possession of and converted to his own use, the goods,
of administra-
tion made legal chattels, and credits of the said *Moses Craig*, and sold
all acts 'which
were before *tor-* part of them, and discharged debts, thereby making
*tious.* If a per-
son who is sued as executor *de son tort*, takes out administration pending the suit, though
it will not defeat the suit, which was well commenced, yet it will legalize all intermediate acts
*ab initio*, and justify a retainer.

5

himself executor, &c. of his own wrong; and this they are ready to verify, &c.

To this replication there was a special demurrer. The causes of demurrer were, that the replication was double; that it attempted to put at issue several and distinct matters; and was multifarious, &c.

NEW-YORK,
May, 1811.

RATTOON
v.
OVERACKER.

*Per Curiam.* The plea is good, and the replication ill, because the taking out letters of administration legalized those acts which were tortious at the time. In *Vaughan* v. *Browne*, (*Str.* 1106. and 328.) the court of K. B. laid down this doctrine, that though a person who is sued, as executor *de son tort*, shall not defeat the suit, by taking out letters of administration pending the suit, because the suit was well commenced; yet that such an administration will legitimate all intermediate acts *ab initio*, and justify a retainer. This case is very fully reported in *And.* 328.; and Lord *Kenyon*, in *Curtis* v. *Vernon*, (3 *Term Rep.* 587.) cites this decision as good law. It must, therefore, be considered as overruling the more ancient decisions, which declared, that though an executor *de son tort* did afterwards take out letters of administration, yet it was still in the election of the creditor to charge him as executor or administrator. The case in *Strange* and *Andrews* cannot be reconciled, upon principle, with the former doctrine; and as that case was three times argued, and very solemnly decided, upon demurrer, it ought to prevail. It is the more reasonable rule; for, as the court observed, " It would be very hard to lay it down, that if a man who sues for administration is opposed, and the cause runs out into any length, that the acting *pendente lite* should be construed such a wrongful executorship, as can never be purged so as to give him the benefit of retaining." And if the letters of administration will purge the *tort*, so as to justify a retainer, there is no reason why it should not cure the act altogether, by a re-

trospective effect.   It does no possible injury to the cre-ditor.   The declaration must, therefore, be quashed.