### ENOCH CLEMENTS *vs.* JOHN SWAIN, *executor of* JOHN SWAIN, *deceased.*

It is not a good plea in bar to an action against an executor or administrator, that the action was commenced within a year after proving the will or taking letters of administration; but such matter should be pleaded in abatement.
It is not a good plea in bar that the defendant is administrator, and not executor.
If one who is sued as executor *de son tort*, take administration after the commencement of the suit, he cannot plead in abatement that he is administrator and not executor.

ASSUMPSIT. The defendant pleaded in bar, 1st, that said *John* deceased died intestate, and after the commencement of this action, to wit, on the 2d of September, 1821, administration of the goods and estate of the said *John*, deceased, was granted to him by the judge of probate, &c.

2d. That one year had not elapsed since the death of the said *John* deceased.

To the first plea the plaintiff replied, that before the granting of administration as aforesaid, the defendant was executor of his own wrong, &c. To this replication, the defendant demurred. And to the second plea, the plaintiff demurred.

*Barker*, for the plaintiff.

*J. H. Woodman*, for the defendant.

RICHARDSON, C. J. We are of opinion, that the replication to the first plea must be adjudged sufficient. When one who has been executor *de son tort*, takes out letters of administration, this puts him, in many respects, on the same ground as if he had been administrator before he intermeddled; and if he be afterwards sued as executor *de son tort*, he may plead that he is administrator, and not executor, in abatement. 8 *John.* 126.—15 *Mass. Rep.* 322, *Shillaber vs. Wyman.*—3 *D. & E.* 587, *Curtis vs. Vernon.*—2 *Str.* 1105, *Vaughan vs. Brown.*—*Andrews*, 328, S.C.—1 *Saund.* 265, *note* 2.

But when one who has been sued as executor *de son tort*, takes administration, *pendente lite*, this is not matter to abate the writ. The case of *Pyne vs. Woodland*, (2 *Ventris* 179,) was thus : The defendant, who was sued as executrix of her husband, pleaded, that after the death of her husband, administration was granted to her, and so she was administratrix, and not executrix, and demanded judgment of the writ. The plaintiff replied, that she was executrix *de son tort*, to which the defendant demurred, and judgment was given for the plaintiff, because it did not appear that the defendant took administration before the commencement of the suit.

If then the matter of the first plea had been duly pleaded in abatement, the replication would have been a good answer to it. But it is clearly bad as a bar. 1 *Mod. Rep.* 239, *Justice vs. White.*—1 *Salk.* 296, *Harding vs. Salkill.*—2 *Lev.* 190.—*Lawes Plead. Assump.* 587.—8 *John.* 126, *Rattoon vs. Overacker.*

We are also of opinion, that the second plea is bad as a bar. The matter of it is clearly matter of abatement. The statute of February 11, 1791,(1) enacts, that " no action " shall in any case be commenced against any executor or " administrator until the end of one year after such executor

(1) 1 N. H.
Laws 221.

" or administrator shall have proved the will or taken out " letters of administration." If a suit be commenced against an executor or administrator within the year, the writ may be abated. But the statute is no bar to the action. *Ld. Ray.* 1056.—1 *Chitt. Pl.* 434, 435.

*Judgment for the plaintiff.*