THOMAS and GILBERT, Executors of Gilbert, *vs.* CAMERON.

An *executor*, previous to letters testamentary granted, cannot commence a suit : the common law rule that he might commence an action before probate, and that it was enough if he had obtained letters testamentary when he came to declare, is changed by statute.

A plea, therefore, that a plaintiff was not executor *at the time of the commencement of the suit*, is a good plea.

Such plea may be pleaded *in bar*, and need not be pleaded *in abatement;* it may be joined with the *general issue*, and in pleading it, the defendant is not bound to crave oyer, and set out the letters testamentary; but it seems he must do so, if he wishes to set up any matter in avoidance of the letters.

DEMURRER to plea. The plaintiffs declared in assumpsit on promises to the testator in his lifetime, and made *profert* of the letters testamentary in the usual form. *Pleas*, 1. *Non assumpsit;* 2. *Actio non*, because the plaintiffs were not *at the time of the commencement of the suit* executors of the last will and testament of. the said *Benjamin Gilbert*, deceased, nor had they the execution thereof in manner and form, &c. concluding with a *verification* and prayer of judgment. *Demurrer* to the 2d plea, assigning for special cause, that it is pleaded with and after a plea of the *general issue*. *Joinder* in demurrer by defendant.

*M T. Reynolds*, for plaintiffs.

*E. H. Rosekrans & S. Stevens*, for defendant.

*By the Court*, BRONSON, J. If the second plea was well pleaded in bar, instead of being pleaded in abatement, I see no objection to its being joined with the general issue. On *non assumpsit* alone, the plaintiffs on the trial would not have been obliged to prove their representative character. 2 Stark. Ev. 547, 8, and cases cited. The defendant has therefore attempted by his first plea to put in issue the original cause of action, and by the second, the representative character of the plaintiffs. The first plea virtually con-

cedes the character in which the plaintiffs sue, and the second, the original cause of action by the testator. This results from the principle, that every plea in bar impliedly admits all things in the count which it does not directly answer ; but the defendant is not estopped from tendering an issue in one plea upon a matter which he has admitted by mere implication in an other : and there may be several pleas in bar, where each plea amounts to a complete answer to the action. But there is another answer to the cause specially assigned for the demurrer. If the second plea was pleaded out of its proper order, or could not be coupled with the general issue, the plaintiffs should either have treated it as a nullity or moved the court to set it aside. On demurrer, the only question is, whether the plea be good in form and substance, and not whether the party had waived the right to set up that particular defence.

The plea alleges that the plaintiffs were not executors *at the time of the commencement of the suit*, without saying that they were not afterwards executors. An executor derives his authority from the will, and at the common law, he might, commence an action before probate. It was enough that he had obtained letters testamentary before declaring, and made *profert* of them in the declaration. This made the commencement of the suit good by relation. Com. Dig. Administration B. 9. Bac. Ab. Exr's. and Admr's. E. p. 1, 14. It follows from this doctrine, that the defendant's plea was too narrow ; it should have alleged that the plaintiffs are not and never were executors, or at least, that they were not executors at the time of declaring. 1 Wentw. Plead. 14. But I think the plea was sufficient under our statute. " No executor named in a will shall, before letters testamentary are granted, have any power to dispose of any part of the estate of the testator except to pay funeral charges, *nor to interfere with such estate in any manner*, further than is necessary for its preservation." 2 R. S. 71, § 16. The right to interfere for the purpose of preserving the estate, would not authorize suits to recover debts due to the testator. The statute provides for the case of delay in obtaining letters testamentary, and allows the appointment of

a collector, who may maintain suits as administrator, p. 76, § 38, 40. If the goods of the testator are taken from the executor before probate of the will, he may maintain trespass, trover, or replevin on his own possession; and in such a case he is not obliged to make *profert* of the letters testamentary. But this is an action on promises to the testator. If there was a will in which the plaintiffs were named executors, that alone did not give them the right to sue—they could only acquire it by proving the will. The plea contains a full answer to the action—it destroys the plaintiff's title. If they were not executors at the time the suit was commenced, letters subsequently obtained would not aid them by relation. The statute has introduced a new rule by taking away the common law right to sue before probate.

Although the plaintiffs necessarily made *profert* in the declaration, the defendant was not bound to crave *oyer*, and set out the letters testamentary. 2 Stra. 1241. 1 Wils. 97. Barnes' Notes, 327. In debt on bond, the defendant may plead *non est factum* without craving *oyer*, but he cannot plead performance without craving *oyer* and setting out the condition. 1 Chit. Pl. 416, 17. So here, I think, the defendant might plead that the plaintiffs were not executors, without craving *oyer* of the letters testamentary; but if he had wished to set up any matter in avoidance of the letters, as that they were not granted by the proper officer, or had been revoked, it might in that case have been necessary to crave *oyer*, and set them out.

Several cases were cited for the purpose of showing that this matter should have been pleaded in abatement; but in none of them was the point directly decided. The case of *Mansfield* v. *Marsh*, under different names, reported in several books, 2 Lord Raym. 824, 1 Salk. 285, 7 Mod. 141, and Holt, 44, was an action of trover by an administrator on a possession by the intestate. On not guilty pleaded, the defendant offered to prove that there was a will and an executor alive. But Holt, C. J., overruled the evidence, and took a distinction, that, in trover on the possession of the intestate, the defendant could not give in evidence a will

Thomas
v.
Cameron.

under the plea of not guilty, although he might have done so, if the plaintiff had declared on his own possession as administrator. Some of the reporters made the C. J. say, that the matter should have been pleaded in abatement; but that was not a question before the court. So, in *Childress* v. *Emory*, 8 Wheat. 642, it was said, that if the plaintiffs were not executors, the objection should have been taken by way of abatement; but this was only a passing remark—the question as to the proper form of pleading did not arise. Other cases were cited, but they only establish, that in actions by executors or administrators on a right which accrued to the testator or intestate, the plaintiff is not bound to prove his title to sue, where nothing but the general issue is pleaded; and that the defendant, under the general issue, will not be allowed to controvert the representative character of the plaintiff. Wentworth, vol. 1, p. 14, gives a precedent of a plea in abatement, that the plaintiffs were not executors; but it does not follow that the same matter might not be pleaded in another form. In *Stokes* v. *Bate*, 5 B. & E. 491, it is impossible to say whether the plea was in bar or in abatement. In *Thompson* v. *Reynolds*, 3 Car. & Pay. 123, the plea was in bar, and it was pleaded with several other matters of defence.

Upon principle, I think, the matter was well pleaded in bar. The plea does not, nor could it give the plaintiffs a better writ, but it destroys the action altogether. If they are not executors, they have no right to sue in this or any other form. They have no cause of action against the defendant—no better right to implead him than may be claimed by any other individual who shall untruly call himself executor. Com. Dig. " Abatement," B. 1. *Evans* v. *Stevens*, 4 T. R. 227, per Buller, J. *Eckhardt* v. *Wilson*, 8 T. R. 140. *Presgrave* v. *Saunders*, 1 Salk. 5. 1 Saund. 274, note 3. The plea does not set up a mere temporary disability in the plaintiffs to sue, but it utterly destroys their title.

I think the plea was good both in form and substance.

Judgment for the defendant.