ASENATH GAGE *versus* JAMES JOHNSON & *al.*

In this State, it is sufficient to maintain an action on an indorsed note, if the nominal plaintiff has assented to the suit, and it has been authorized by the party in interest.

An administrator may maintain an action in his own name on such note, being the property of the intestate at the time of his death, without declaring as administrator.

And if the action be brought after the decease of the intestate, and prior to the appointment of an administrator, the taking upon himself that trust by the plaintiff, by relation, legalizes all his acts relative to the goods and credits committed to him from the decease of the intestate, and he may proceed with the suit.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

The parties agreed upon a statement of the facts. Assumpsit upon a note to John Gage or bearer, the writ bearing date Sept. 5, 1838. After the making of the note, John Gage died. After his death, the widow brought this action in her own name, declaring on it as bearer thereof. After the action was brought, the plaintiff took out administration on the estate of John Gage, and on Nov. 7, 1838, returned an inventory in which the note in suit was returned by her as being the property of the estate. If the plaintiff was entitled to maintain the action, the defendant was to be defaulted, and if not, the plaintiff was to become nonsuit.

The presiding Judge was of opinion that the action was maintainable, and ruled that the defendant should be defaulted. To this the defendants excepted.

*Hubbard*, for the plaintiff, cited *Marr* v. *Plummer*, 3 Greenl. 73 ; *Barrett* v. *Barrett*, 8 Greenl. 353 ; *Brigham* v. *Marean*, 7 Pick. 40 ; *Bank of Chenango* v. *Hyde*, 4 Cowen, 567 ; and relied on these cases as conclusive in his favor.

*Kelly*, for the defendant, after remarking that the return of this note as the property of the intestate by the present plaintiff, his widow, in her inventory, was proof positive that she individually had no interest in the note, contended that she could not, under the circumstances, maintain this action. She must have an interest in the note to maintain the suit. *Brad-*

*ford* v. *Bucknam*, 3 Fairf. 15; *Bragg* v. *Greenleaf*, 14 Maine R. 395; Story's Eq. Pl. 216, 389, 391, 564.

She has no authority to bring the suit from having the note in her hands. It has been repeatedly decided, that even an administrator, rightfully appointed in one State, cannot maintain an action in another State. *Stearns* v. *Burnham,* 5 Greenl. 261; *Goodwin* v. *Jones,* 3 Mass. R. 514; *Langdon* v. *Potter,* 11 Mass. R. 313.

Payment of a note belonging to an estate, to any one but the administrator, is no bar to an action brought by him. 1 Com. on Con. 523; 2 Com. on Con. 43; Bull. N. P. 133; 1 Dane, 96, 179, 558; 3 Bac. Abr. 50; *Wyer* v. *Andrews,* 13 Maine R. 168.

The opinion of the Court was by

WESTON C. J.—Authorities have been cited; and others might be found, tending to establish the position, that to maintain an action upon a bill of exchange, or a negotiable note, the plaintiff must have some interest therein; and if this is disproved, the action cannot be maintained. But the law has been otherwise understood in Massachusetts and in this State. And it has been held sufficient, if the nominal plaintiff has assented to the suit, and it has been authorized by the party in interest. *Brigham* v. *Marean,* 7 Pick. 40; *Marr* v. *Plummer,* 3 Greenl. 73.

The plaintiff being in fact the bearer of the note, having a right to control it, and having an interest in it, as administratrix, might, upon the authority of those cases, cause an action to be brought upon it, in the name of any person who would give his consent thereto. It results, that if she thought proper, she might sue in her own name, as well as in her capacity of administratrix. When the suit was brought, she had not taken out letters of administration. But she has since; and this, by relation, legalizes all her acts, in relation to the goods and credits committed to her, from the decease of the intestate. *Rattoon* v. *Overacker,* 8 Johns. 126; *Shillaber* v. *Wyman,* 15 Mass. R. 322, and the note appended to that case.

*Exceptions overruled.*