## In the matter of Thomas Faulkner, an Absconding or Concealed Debtor.

A debt against an absconding or concealed debtor *as executor* will have preference over other debts due from him to other creditors, and must be paid by the trustees first. An executor who receives moneys of the estate of a testator before he has qualified as such executor, is bound as an executor for such moneys if he subsequently qualify; his authority in such a case relates back and legalizes the payments made to him.

*April special term.* Petition of James Finley and Thomas Faulkner, *executors of the last will and testament of Robert Elliott, deceased, of the city of New York, and William D. Green, of the county of Oneida, in behalf of themselves and the other creditors of Thomas Faulkner, an absconding or concealed debtor ; presented to this court for direction to the trustees of Thomas Faulkner in regard to paying over moneys in their hands, as such trustees.*—On the 12th July, 1842, Jonathan Miller, Frederick A. Guion and Julius Hitchcock were appointed trustees for all the creditors of Thomas Faulkner, an absconding or concealed debtor. The trustees entered upon their duties and became possessed of about eight

hundred dollars in money, and the right to a promissory note of about two hundred dollars. The trustees stated on the 28th February, 1845, that they had then received in all of the estate of said debtor nine hundred and fifty-three dollars. Thomas Faulkner, the debtor, and James Finley were appointed executors of the will of Robert Elliott. Finley proved the will and obtained letters testamentary before Faulkner had qualified as executor. Faulkner received several sums of money, amounting in the whole to the sum of two hundred and thirty-six dollars and fifty cents, belonging to the estate of the testator. Faulkner subsequently qualified as executor. At a general meeting of the creditors of Faulkner called by the trustees, the executors of Elliott presented a claim for the moneys so received by Faulkner, which was allowed by the trustees. The executors claimed a preference over the other creditors of Faulkner, but their right to it was denied by the trustees. And the executors moved that the trustees allow their claim a preference to other creditors.

R. W. Peckham, *Counsel for Petitioners.* S. B. H. Judah, *Atty for Pet.* G. R. J. Bowdoin, *Counsel for Trustees.* Jas. Smith, *Atty for Trustees.*

Bronson, Chief Justice.—The statute directs that the trustees in making a distribution of the moneys in their hands " shall first pay all debts that may be owing by the debtor as guardian, *executor*, administrator or trustee." 2 *R. S.*, 47, § 34. The objection urged against this claim is, that as Faulkner had not been qualified he was not executor at the time the money was received. 2 *R. S.*, 71, § 15, 16, *Thomas* vs. *Cameron ;* 16 *Wend.*, 579. In the matter of *Stevenson*, 3 *Paige*, 420. But the answer is, that when Faulkner qualified as executor, his authority related back, and legalized the payments which had previously been made to him. *Priest* vs. *Watkins*, 2 *Hill*, 225. He afterwards held the money, and it was a debt against him as executor. The claim to preference must be allowed.