## FLINN *vs.* CHASE.

A witness is incompetent to give evidence to increase a fund in which he is entitled to participate.

Therefore, in an action by an administrator to recover a debt due to the intestate, the estate being insolvent, a creditor of the intestate is incompetent on the ground of interest.

But the insolvency of the estate must be clearly shown.

A residuary legatee is incompetent to prove a debt in favor of the executor. *Per* BEARDSLEY, J.

The decision of a surrogate in refusing letters of administration to a relative on the ground of unfitness, and appointing another person administrator, cannot be ex-

Flinn *v.* Chase.

amined in an action brought by the latter in his representative capacity. The letters of administration are in that case conclusive.

But a surrogate has no jurisdiction to accept the resignation of an administrator once appointed and to appoint another in his place; and where he assumed to do so, *held* that the latter appointment was void.

That the plaintiff is not administrator, may be pleaded in bar, and such plea may be joined with non-assumpsit.

ERROR to the court of common pleas of Niagara county. The cause originated in a justice's court and was tried in the common pleas on appeal. The plaintiff sued as administrator of W. Dugan deceased, in assumpsit for money lent. Pleas, non-assumpsit, and that the plaintiff was not administrator. The plaintiff gave in evidence letters of administration issued to himself by the surrogate of Niagara county, on the 24th of May, 1845. One Skinner, a witness for the plaintiff, gave evidence tending to show an indebtedness by the defendant to the intestate in his lifetime of one hundred dollars, for borrowed money. On his cross-examination the defendant's counsel asked him whether he was not a creditor of the deceased, and stated that he proposed to show that fact and also that the estate was insolvent. The plaintiff's counsel objected, and the court sustained the objection and excluded the evidence, and the defendant excepted.

The defendant insisted that the plaintiff was not legally the administrator of W. Dugan; and upon that subject it appeared that Dugan died in Niagara county, in the commencement of the year 1844, and that Patrick Dugan, a brother of the deceased, and one Lowry, both applied to the surrogate for letters of administration. On these applications the surrogate made an order to the effect that P. Dugan was an unfit person for administrator and that Lowry be appointed, and letters of administration were accordingly issued to the latter, dated July 22d, 1844. He took the oath and gave security as required by law. In December, 1844, Lowry signed a paper renouncing the administration, for the reason that he was about to leave that place; and in March, 1845, the surrogate made an order discharging him from the trust, for the reasons stated in the renunciation; and thereupon granted and issued letters of ad

Flinn *v.* Chase.

ministration to the plaintiff, who accordingly took the oath and gave security. The defendant's counsel asked the court to hold that the plaintiff was not administrator, but the court declined so to decide, and the defendant excepted. The jury found a verdict for the plaintiff.

*A. A. Boyce*, for the plaintiff in error, insisted 1. that the court below erred in excluding the evidence offered to show that the witness Skinner was interested. (*Cowen & Hill's Notes*, 1539; *White* v. *Derby*, 1 *Mass.* 239; *Campbell* v. *Tousey*, 7 *Cowen*, 64; *Allen* v. *Blanchard*, 9 *id.* 631; *Peake's Add. Cases*, 212; *Man* v. *Jeff*, 2 *Pick.* 240.) 2. That P. Dugan was entitled to administration and the appointment of Lowry was void. 3. That the appointment of the plaintiff as administrator was also void.

*E. J. Chase*, for the defendant in error, maintained, 1. That the defendant could not, after the non-assumpsit pleaded, question the representative character of the plaintiff. (2 *Stark. Ev.* 3*d Am. ed.* 547.) 2. That the defendant could not go behind the letters of administration, except to shew that the surrogate had no jurisdiction. (*Id.* 550, 516.) 3. An answer to the question objected to would not have shown the witness Skinner interested.

*By the Court*, BEARDSLEY, J. Skinner was a material witness to prove the plaintiff's cause of action. At the close of his direct examination, the counsel for the defendant offered to prove by the witness that he was a creditor of the deceased when he died, and was so still. It was stated by the counsel that he designed to show by this witness and otherwise, not only that he was such creditor, but also that the estate of the deceased was insolvent; upon which it would be contended that the witness was incompetent to give evidence to maintain the action. This was the substance of the offer, and, being objected to by the plaintiff's counsel, the evidence was rejected and the counsel for the defendant excepted.

The general rule is undoubted that a witness is incompeten to give evidence to increase a fund in which he is entitled to participate. (*Allen* v. *Blanchard,* 9 *Cowen,* 633 ; *Cowen & Hill's Notes to* 1 *Phil. Ev. p.* 114, 1539.) Taking the offer made in this case to be true, and it must be so regarded for the purpose of this question, the witness was a creditor of the deceased whose estate was insolvent. The witness could look to that fund only for the payment of any part of his debt, and in that he was entitled to share with the other creditors of the deceased. At best the fund was inadequate, so that the witness had a direct interest in its increase ; for the greater the mass the larger would his share be. Such being the facts, I think the witness was incompetent to prove the plaintiff's case. He had a direct interest in the result of the cause ; for a recovery would augment the deficient fund out of which his debt was to be paid, if paid at all. On the other hand, a defeat might reduce the fund still lower, as it would be charged with the expenses of the litigation.

On precisely such a question as this Lord Ellenborough said, "It strikes me that the witness has such an interest in the verdict as to render him incompetent. At present he has no means of obtaining any sort of satisfaction for his debt: but if the plaintiff succeeds in this action, a fund will be created out of which he may be satisfied. He gives evidence to get money for himself through the medium of the administrator, who may be considered as his trustee." (*Craig* v. *Cundell,* 1 *Camp.* 381.) In *Young* v. *Martin,* (3 *S. & R.* 427,) Tilghman, C. J., expressed himself to the same effect, and the position seems to me sound in principle. Discordant opinions, I am aware, have been expressed on the point, and the decisions on kindred questions are not in perfect harmony. At the same time, I believe it has in no case been adjudged, that a creditor of a deceased insolvent was a competent witness to prove a cause of action in favor of the executor or administrator of such deceased person. Where the insolvency of the estate is not clearly shown, I grant that the creditor is competent ; but that fact appearing, his interest is direct and immediate, and he is necessarily in-

competent. The court will not for the purpose of excluding a witness, presume the estate to be insolvent, but the fact must be proved. In *Clark and another, executors &c.* v. *Gannon*, (*R. & M.* 31,) a legatee under the will, whose legacy had been paid, was called to prove the cause of action. *Scarlett*, for the defendant, objected that he was incompetent, as he would be obliged to refund in case the estate should turn out to be defi-cient. *Abbott*, Lord C. J. said, "There is nothing to show that the other funds are not sufficient. This debt has not been paid; *but I cannot assume that there is not other estate sufficient.*" The witness was received. So, in an action against executors for a debt of the testator, a person entitled to an annuity under the will, is not an incompetent witness for the defendant, it not appearing that the funds would be insufficient to pay the an-nuity if the plaintiff recovered. (*Nowell* v. *Davies*, 5 *B. & Adolph.* 368.)

A residuary legatee is incompetent to prove a debt in favor of the executor. (*Campbell* v. *Tousey*, 7 *Cowen*, 66 ; 1 *Phil. Ev.* 63.) As also is a party entitled to a distributive share of the estate. But a distributee is competent to give evidence for the administrator in support of the plea of *plene administravit*, for he has no interest in that question, as the plaintiff, if the plea is sustained, will take judgment for assets *in futuro*. (*Vultee* v. *Raynor*, 2 *Hall*, 378.) And for the same purpose an unsatisfied creditor of the deceased would be competent. (*Davies* v. *Davies*, 1 *M. & M.* 345.) In this case Parke, J. expressed a doubt as to the principle on which *Craig* v. *Cun-dell*, (*supra*,) was decided, but he seems to have overlooked the facts which distinguish between the two cases. In the first place the estate, in the case of *Craig* v. *Cundell*, was insolvent, which was not proved or suggested in the other. And in the next, the witness, in *Craig* v. *Cundell*, was called to prove a cause of action and thus increase the fund for the payment of debts, whereas in the other case, the witness was only called to prove the plea of *plene administravit*. These cases are plainly distinguishable, and the authority of the principle stated by Lord Ellenborough in *Craig* v. *Cundell*, is not at all shaken

by what is reported to have been said by Mr. Justice Parke, in the case of *Davies* v. *Davies.*

Most of the cases upon the precise question in this case, and upon analogous principles, may be found in the notes to Cowen & Hill to which I have referred. (*See also* 1 *Stark. Ev. Phil. ed.* 1842, *p.* 151, *and notes ; and* 1 *Greenl. Ev.* 2*d ed.* § 392.) ·Those who choose to examine the question more at large will here find ample materials for their purpose. I have stated the principle on which such a witness seems to me incompetent, and it appears to me so reasonable of itself that it does not stand greatly in need of support from any quarter.

The judgment must be reversed on the ground already stated. This, probably, may be avoided on another trial by a release ; but I do not, at present, see how the plaintiff below is to surmount the other difficulty which his case presents.

It is not denied that the surrogate of the county of Niagara was the proper officer to grant letters of administration on the estate of the deceased. His jurisdiction in this respect was undoubted, although he may have erred in refusing to appoint the brother of the deceased, to administer on his estate. Grant that he did so, still it does not follow that the appointment of Lowry, although it may have been irregular, was therefore void. It certainly was not ; the surrogate had jurisdiction to make the appointment, and the letters of administration granted to him were conclusive evidence of his authority as such administrator, until reversed or revoked according to law. (2 *R. S.* 80, § 56.) Lowry was thus made administrator, and he complied with the requirements of the law by giving bond and taking the necessary oath. He was thus a legal administrator of the estate, and not the less so because the appointment may have been ʻirregular. The question here is, was the appointment void, not whether it was merely voidable. The latter, it may have been, but the former it was not. Lowry, however, subsequently offered his resignation of the place, and returned his letters of administration to the surrogate, who accepted them, and as far as his order could go, discharged Lowry from his trust and duty as such administrator. But this a surrogate

has no power to do, except in special cases, provided for by law, of which this was not one. There is no statute which authorizes a surrogate to revoke letters of administration, because the administrator is about to remove from the village where he resided, or because he may find it inconvenient to act further as administrator. Lowry then is still the lawful administrator of this estate; and being so, the office was filled when these letters of administration were issued to the plaintiff, and the surrogate had no authority or jurisdiction to grant them. This is my view of the case; and as the objection may be taken, notwithstanding the plea of non-assumpsit had been interposed, (*Thomas* v. *Cameron*, 16 *Wend.* 579,) I am unable to see how the action can be maintained. But that question will arise in a more formal manner if the plaintiff shall think proper to bring the cause again to trial.

Judgment reversed.