## BUTLER, administratrix, *against* PATTERSON.

The child or next of kin of an intestate is a competent witness for the administrator in an action brought by the latter to recover a demand claimed to be due the estate.

Such person is not a party for whose immediate benefit the action is prosecuted within the meaning of § 399 of the Code of Procedure.

THE action was by the plaintiff as administratrix af Samuel Butler, who was her husband at the time of his death, to foreclose a mortgage executed to him in his lifetime by the defendant. The defendant set up a counter claim as a defence. The cause was referred to and tried by a referee, who ordered judgment in favor of the plaintiff. On appeal the judgment was affirmed by the supreme court sitting in the 8th district, and the defendant appealed to this court. *The question discussed and decided in this court is stated in the opinions. The cause was submitted on printed briefs, by [*293

*N. Cobb*, for the appellant.

*A. G. Rice*, for the respondent.

DENIO, J. The action in this case was brought to foreclose a mortgage executed by the defendant to Samuel Butler, the plaintiff's intestate, in his lifetime. A question of fact arose upon the trial before a referee upon which oral testimony was competent to be heard; and upon that question the plaintiff called one of the children of Samuel Butler, as a witness on her behalf, who was received and permitted to testify, against an objection by the defendant, that the witness was incompetent for the reason that he was one of the persons for whose immediate benefit the action was prosecuted. (*Code,* § 399.) It was not shown

3 KERN.—19

whether the estate of Samuel Butler was solvent or insolvent. There was no evidence that the witness was at all concerned in bringing the action; and the only fact relied upon to bring him within the exception to the general rule allowing interested witnesses to testify, was his relationship to the deceased. That the action was in some sense brought for the benefit of the witness, is presumable from the fact of his being a distributee, in the absence of evidence that the estate was insolvent. If solvency was established or is to be presumed, a recovery in the action would increase the fund in which the witness was entitled to participate. (*See Flinn* v. *Chase*, 4 *Denio*, 85, *and cases cited.*) But to exclude the witness the action must be prosecuted for his *immediate* benefit. Unless significance is given to this word, the exception will restore the objection of interest in almost every case, which could not have been within the intention of the legislature. The exception in Lord Denman's act, is that the provision shall not render *competent "any person in whose immediate and individual *behalf* any action may be brought or defended either wholly or in part." (3 *Man., Gr. & Scott*, 307.) The language is stronger in respect to the connection of the witnesses with the prosecution, than that used in our act; since an action may be brought for the benefit of a person where it was not instituted in his behalf; and, therefore, the cases upon the English Statute, one of which would otherwise be directly in point, cannot be fully relied on. (*Hill* v. *Kitching*, 3 *Mann., Gr. & S.*, 299; *Hart* v. *Stephens*, 6 *Ad. & Ellis*, *N. S.*, 937.) We must recur to the word *immediate* and endeavor to ascertain its meaning in the connection in which it is used; and I think it may safely be affirmed that an action cannot be said to be prosecuted for the immediate benefit of a person, unless such person would have a right to the amount recovered or some portion of it, as soon as it should be recovered by the nominal plaintiff. It should at least be a case where he could maintain an action against such

Butler *against* Patterson.

nominal plaintiff for money had and received by him to the witness' use. I do not say that every such case would be within the exception; but I am confident that unless the witness' connection with the cause of action will entitle him to bring such a suit as soon as the nominal plaintiff has collected the money, he is not disqualified by the provision under consideration.

Now, an administrator is entitled to collect the choses in action belonging to the estate of the deceased, and to expend the money in the course of administration. He is not accountable to the distributees until the debts are paid; and although he is liable after a certain lapse of time, to an action, in the nature of a bill to account, or to a proceeding of a similar kind before the surrogate, he will not be subject to a personal decree against himself, except upon the proof of facts, amounting to a *devastavit*. It cannot be pretended, that as soon as this mortgage debt should be realized by the administratrix, the witness could, upon *proof of that fact and of his relationship to the deceased, maintain an action for the money. He [*295 would not be entitled to anything, except upon the footing of an account, and only to the amount not required for the other objects entitled to be preferred in the administration. I am, therefore, of opinion that the witness was competent, and that the referee decided correctly. The following cases in the superior court of the city of New York, are in accordance with the conclusion at which I have arrived. (*Washington Bank* v. *Palmer*, 2 *Sandf. S. C. R.*, 686; *New York and Erie R. R.* v. *Cook, id.*, 732; *Bank of Charleston* v. *Emerick, id.*, 718; *Megary* v. *Funtis*, 5 *id.*, 376. See also, *Freeman, exr.*, v. *Spalding*, 2 *Ker.*, 373.)

The judgment should be affirmed.

CRIPPEN, J.  " No person offered as a witness shall be excluded by reason of his interest in the event of the action." (§ 398 *of Code.*)

"The last section shall not apply to a party to the action, nor to any person for whose immediate benefit it is prosecuted or defended." (§ 399.)

The witness was not a party to the action. The question then arises, whether it was prosecuted for the immediate benefit of the witness within the meaning of § 399 of the Code. The mortgage belonged to the estate of the intestate, and the money when collected would pass into the hands of the administratrix, in trust for the creditors of the estate, if any, and of the legal heirs of the deceased, subject to her claim thereon as the widow of the deceased. She alone was entitled to the possession of the money when collected; to be accounted for by her in the due course of administration upon said estate. The plaintiff alone had the direction and control of the action; it was her suit, and she alone was entitled to the money when collected. The witness could not be made personally liable for the costs in case the plaintiff failed in the action.

*296] *It is true that the estate could be charged with the costs, or the administratrix might be personally liable for such costs.

I do not think that the action was prosecuted for the immediate benefit of the witness so as to render him an incompetent witness for the plaintiff.

The judgment should be affirmed.

Judgment accordingly.