## CAROLINE V. McCLURE, Executrix, etc.

### v.

### THE PEOPLE, etc.

1. ADMINISTRATION OF ESTATES.—Letters of administration relate to the death of the intestate, and the law validates all the acts of the administrator in taking possession of the property of the intestate, and in settle.ment of the estate from the time of his intestate's death, if such acts would be valid under letters issued prior to such acts.

2. SURETY—ADMINISTRATOR'S BOND.—The same facts which establish a liability of the principal upon an administrator's bond are competent against the surety.

APPEAL from the Circuit Court of Union county; the Hon. ROBERT W. McCARTNEY, Judge, presiding. Opinion filed July 10, 1886.

One George W. Houston filed his petition in the County Court of Union, on the 7th day of July, 1879, setting forth that one William H. Frazier, late of said county, died on the 24th day of June of the same year, intestate, leaving personal estate consisting of live stock, and " an interest in about 200 acres of wheat in shock subject to rent; an interest in about 120 acres of growing corn subject to rent; moneys, household and

ki chen furniture. That in the above acres of wheat and corn, your petitioner, George W. Houston, has an interest in the same one half after the payment of rents and cultivation and harvesting, and that said property is estimated to be worth about $1,425," and praying that letters of administration be issued to him.

This petition does not seem to have been acted upon by the county court until August 4th, when the petitioner was appointed administrator and gave bond in the sum of $2,900, with Thomas J. McClure, appellant's intestate, as surety, for the faithful performance of his duties. Houston never filed any inventory of the estate in the county court, but having threshed and sold the wheat, left the State, taking with him a gold watch of the value of $150, and a revolver, the property of the intestate, and the money received for the wheat.

In August, 1879, upon the petition of his surety, McClure, he was, by the county court, ordered to appear and make settlement, which failing to do upon proper notice, he was at the September term removed, and Thomas J. Finley was appointed administrator *de bonis non* of Frazier's estate, the said McClure being also his surety. Olivia F. Dishon recovered a judgment, September 16, 1880, in the Circuit Court of Union county, on an appeal from the county court, against the said estate for the sum of $1,000, to be paid in due course of administration. It not being paid, she caused this suit to be instituted against Houston and his surety, McClure, upon the bond of said Houston, alleging as a breach of its condition that there came to his hands as such administrator 200 acres of wheat in the shock, the property of the estate, the gold watch and the revolver, and that he converted the same to his own use, etc. Service of process being had upon McClure he appeared and pleaded, 1st, *nul tiel* record, 2d, *non est factum*, and 3d, traversing the receipt by Houston of the property named in the declaration. After plea, and before trial, McClure died, and the appellant, as his executrix, was made defendant, and the cause dismissed as to Houston. At a subsequent term a trial was had before the court and a jury, resulting in a verdict of $2,900, the penalty of the bond as debt, and for damages in the sum of

$924.12, from which last sum the plaintiff remitted $137.79, and the court overruling a motion for a new trial, entered judgment for the residue, and the defendant brings the record here by appeal.

Mr. JOHN M. LANSDEN, for appellant.

Mr. JESSE WARE, Mr. M. C. CRAWFORD and Mr. W. S. DAY, for appellee.

PILLSBURY, P. J. The fact that after the death of Frazier, Houston took possession of the 200 acres of wheat in the shock, threshed and marketed it, and took away the watch and revolver, is not disputed by the appellant, but it is claimed as a defense, so far as the wheat is concerned, that he threshed and sold it before the bond in suit was given, and if he had on hand the proceeds of the wheat when he was appointed, and the bond was given, and failed to account therefor, then he was guilty of converting the money, and not the wheat, after his appointment as administrator, and therefore the plaintiffs below can not recover upon the bond for the conversion of two hundred acres of wheat, the property being thus particularly described in the declaration, as there is a fatal variance between the pleadings and proofs as to the property converted. Disposing of this point before proceeding to the consideration of any other, it may be said that in taking possession of the wheat as it stood in the shock, at the death of Frazier, Houston was acting in his own wrong, and might be charged as executor *de son tort*, but his letters of administration subsequently granted by the county court legalized his acts in that regard, as fully as though they had been issued to him prior to the receipt of the property. Letters of administration relate to the death of the intestate, and the law validates all the acts of the administrator in taking possession of the property of the intestate, and in settlement of the estate from the time of his intestate's death, if such acts would be valid under letters issued prior to such acts.

Acts, therefore, performed by him before his appointment,

and for which he might be held responsible as executor *de son tort*, are legalized, and he is only to be chargeable therewith as administrator *de jure*. Shillaber v. Wyman, 15 Mass. 323; 1 Williams on Ex. 240, 396–7; Rattoon v. Overacker, 8 Johns. 126; Curtis v. Vernon, 3 Term Rep. 587.

He is therefore properly chargeable with the receipt of the wheat in his official capacity, and having filed his petition for letters in which he describes the property as in the declaration, and while the property was in such condition and fully answering such description, the taking possession of it during the pendency of such application for letters properly concludes him from averring and proving that he did not receive it in such condition in his official character.

The principal in the bond, and for whose acts the surety is bound, being properly chargeable in his official capacity with the receipt of the wheat in the condition he received it, his surety is likewise bound and the same facts which establish the liability of the principal are competent against the surety. Choate v. Arrington, 116 Mass. 552.

Being thus held as receiving two hundred acres of wheat in the shock in his official capacity, and not accounting for it he was properly charged in the declaration of converting it by that description.

It is next insisted that the proof shows that Houston was a partner with Frazier in the crops raised, and the legal title was in him as surviving partner, and he can not be held as converting such crops as administrator.

The question whether he was such partner seems from the record to have been the main question litigated in the trial below, and in behalf of appellant the court expressly told the jury if they found he was such partner to return a verdict for the defendant.

It is evident from this direction that the jury did not consider the evidence sufficient to establish that relation, and, looking at the evidence adduced upon the issue thus presented, we can not say the jury were not justified in their conclusions upon this point.

The testimony shows that Frazier leased the land upon

which the crops were raised and owned all the teams and farming utensils, and so far as appears did as much work upon the farm as Houston did, who appears also to have worked upon the farm. It appears that he was the nephew of Frazier and had worked for him quite a number of years; and there is testimony that Frazier had said in casual conversations that Houston was his partner, and in others that he was to have an interest or share in the crops for his work ; but altogether considered, we are not prepared to say that the evidence is of that clear and convincing character that would authorize us to find, in opposition to the verdict of the jury, that they were partners in the crops raised.

The court refused some of the instructions asked by appellant, but an examination of those given on her behalf shows that the jury were fully and fairly instructed upon the issue made, and that they substantially contained the same principle contended for in those refused.

No substantial objection appears to those given for the appellees, and we fail to find any such material error in the record as requires us to reverse the judgment, and it will therefore be affirmed.

Judgment affirmed.