RICHARD BLOOD, as Executor, etc., of MARGARET BLOOD, Deceased, Plaintiff, v. IGNAC WASZAK, Defendant.

Municipal Court of New York, Borough of Richmond, First District, May 16, 1933.

*James P. Kelly*, for the plaintiff.

*William C. Casey, Jr.*, for the defendant.

BOYLAN, J. This is an action on contract for money loaned and board furnished by deceased to defendant. The summons was served on April 20, 1933. A writ of attachment was obtained by plaintiff on April 26, 1933, on the ground that the defendant was a resident of Philadelphia, Penn. The will of deceased was

not admitted to probate until April 28, 1933. The defendant now moves to vacate the warrant of attachment on the ground that the plaintiff lacked capacity to sue at the time of the institution of this proceeding.

Section 223 of the Surrogate's Court Act reads as follows: "An executor named in a will has no power to dispose of any part of the estate of the testator before letters testamentary are granted, except to pay funeral charges, nor to interfere with such estate in any manner further than is necessary for its preservation."

At common law an executor had the power to commence an action before probate. (*Thomas* v. *Cameron*, 16 Wend. 579; *Smith* v. *New York Central R. R. Co.*, 183 App. Div. 478.) Later this common-law rule was modified in New York State so that it was incumbent upon the executor to probate the will before trial. If he did so, the probate made the commencement of the suit good by relation. (*Thomas* v. *Cameron, supra; Doolittle* v. *Lewis*, 7 Johns. Ch. 45.)

Part 2, chapter VI, title II, section 16 of the New York State Revised Statutes was adopted in 1829; later became section 2693 of the Code of Civil Procedure, and is now section 223 of the Surrogate's Court Act. Whether or not an executor can institute suit before the will is probated is now, and has been since 1829, regulated by statute.

Can this action be deemed instituted for the preservation of the estate? In the case of *Thomas* v. *Cameron* (*supra*) the court, in construing the statute under consideration, stated in its opinion: " The right to interfere for the purpose of preserving the estate, would not authorize suits to recover debts due to the testator. * * * If the goods of the testator are taken from the executor, he may maintain trespass, trover, or replevin on his own possession. * * * If there was a will in which the plaintiffs were named executors, that alone did not give them the right to sue — they could only acquire it by proving the will. * * * If they were not executors at the time the suit was commenced, letters subsequently obtained would not aid them by relation. The statute has introduced a new rule by taking away the common-law right to sue before probate."

The case at bar is brought to recover a debt due the testatrix. The fact that a warrant of attachment was obtained does not change the rule. If the executor lacks capacity to sue, no action is instituted and a writ of attachment is improperly obtained. (Civ. Prac. Act, § 902.)

The plaintiff not having been appointed executor before the commencement of the action, the writ of attachment herein must be vacated and the complaint dismissed.