McKxsney, J.,
delivered the opinion of the court.
This is an attachment bill. It alleges that Robert *202 Lacy, a resident of Alabama, is indebted to the complainant in the sum of $135 20, by note under seal, with interest thereon from 1st September, 1846: That the father of said Lacy, who recently departed this life in Bedford county, by his last will and testament bequeathed to him, said Bobert Lacy, a pecuniary legacy of $150, to be paid out- of the proceeds of certain real property directed to be sold. The bill seeks to attach said legacy for the satisfaction of complainant’s debt.
The will of the testator was admitted to probate at the August session of the county court of Bedford, 1853. This bill was filed on the 4th of August, immediately after the probate of the will, but before the qualification of the defendant, as executor, as is shown on the face of the bill; The executor not haying qualified until the September session, 1853, of the county court of Bedford.
The defendant, after his qualification as executor, answered the bill, without exception on the ground that it was prematurely and irregularly filed. The debt to the complainant is not questioned in the answer; but the defendant alleges that said Lacy is indebted .to him, in in a large sum, for money paid as his surety upon a judgment; and insists that, as against the complainant, he has the right to retain the amount of said legacy in part satisfaction of his debt.
The chancellor concurred in this yiew of the case, and dismissed the bill.
The decree in this cause may be sustained upon a ground different from that upon which it is placed by the chancellor. The complainant, by -virtue of his attachment, acquired no lien upon the funds in the hands *203 of the defendant. The attachment was prematurely and wrongfully issued, and must, therefore, he treated as wholly nugatory. It is well settled, under our law, that until after his qualification an executor stands upon the same footing with an administrator; and that until he has' given bond, and been duly qualified, as required by law, the goods and chattels of the testator remain in custody of the law; and he can do no valid act relating to the administration thereof. See * the cases, 1 Meigs’ Dig., p. 28. Erom this it results, that until after qualification, the executor cannot be sued, either at law or in equity; nor can the effects of the testator’s estate be attached while in custody of the law.
The bill might have been abated on the plea of the defendant, and the attachment dissolved: but it avails the complainant nothing that the defendant waived his right to have this done; and submitted to answer the bill without exception to the fatal irregularity of the proceeding. His failure to do so, could not give effect to the attachment, which, in its inception, was illegal and void.
If the complainant were to be placed in the most favorable attitude he could possibly occupy, under the circumstances, that of a creditor seeking to reach the fund by a bill, filed after the qualification of the executor, but without fixing a lien thereon by attachment, or otherwise, he must, upon a well established principle, be postponed until after satisfation of the debt due to the defendant; at most, he could only claim to be entitled to the surplus, if any thing remained, which is not the case here. The complainant having acquired no lien or priority of satisfaction through his attachment; and having no supe *204 rior equity in tlie fond, Las no claim to the interposition of a court of equity, to deprive the defendant of the advantage possessed by him in having the fond in his hands. But it is not necessary to discuss the question in this respect; as, upon the ground first stated, we think the complainant ought to be repelled.
Decree affirmed.