## In the Matter of the Estate of Wolf Freilich, Deceased.

## On Appeal of Eva Freilich, Executrix, Appellant, v. Jacob Wener, trading as J. Wener & Company et al., Appellees.

### Gen. No. 19,308.

1. EXECUTORS AND ADMINISTRATORS, § 236*—*when limitation begins to run against seventh-class claims.* The limitation barring seventh-class claims, except as to subsequently discovered assets, when not presented within one year from the granting of letters, begins to run from the time letters testamentary or of administration are granted and not from the time letters are granted to an administrator to collect.

2. EXECUTORS AND ADMINISTRATORS, § 231*—*words in section 70 of Administration Act construed.* The phrase "letters as aforesaid," employed in the seventh clause of section 70 of the Administration Act, J. & A. ¶ 119, construed as referring to letters testamentary or of administration as distinguished from letters granted to an administrator to collect, as provided in section 11 of the Act, J. & A. ¶ 59.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed October 7, 1914.

ELIJAH N. ZOLINE, for appellant.

HINER, BUNCH & LATIMER, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

On appeal to the Circuit Court from judgments of the Probate Court allowing the claims of Schwabe, Loewenstein & Co. and J. Wener & Co. against the estate of Wolf Freilich, deceased, as of the seventh class, to be paid in due course of administration, said appeals were consolidated and heard in the Circuit Court upon an agreed statement of facts, as follows:

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

"On October 18, 1911, the claims of J. Wener & Co. and Schwabe, Loewenstein & Co. were filed in the Probate Court of Cook County against the estate of Wolf Freilich, deceased. It is admitted that said claims are true and correct, and if filed within the statutory period should be allowed in full.

"Letters of administration to collect were issued to Eva Freilich as administratrix to collect on the 21st day of September, 1910, by the Probate Court of Cook County; on October 17, 1910, said administratrix to collect, filed an inventory of the real and personal estate of said decedent; and on October 19, 1910, letters testamentary were issued to Eva Freilich as executrix of said estate; that on October 18, 1911, said claims of J. Wener & Co. and Schwabe, Loewenstein & Co. were filed as aforesaid.

"The sole question of law to be decided is whether said claims were filed with the Probate Court of Cook County 'within one year from granting of letters.' The defendant claims that the running of the year commences from the time of the issuance of letters of administration to collect, while plaintiffs (the creditors) claim it commences from the date of the issuance of letters testamentary. The Probate Court of Cook County and the Circuit Court of Cook County decided against the contention of the defendant and entered judgment in favor of the claimants."

Upon the hearing in the Circuit Court a jury was waived, and two propositions of law submitted by the defendant were refused by the court, and judgments were thereupon entered against said estate in favor of J. Wener & Co. for $580.16 and in favor of Schwabe, Loewenstein & Co. for $371, as of the seventh class, to be paid in due course of administration. From said judgments the executrix prosecutes her further appeal to this court.

The two propositions of law above mentioned as having been submitted by appellant to be held as the

law of the case, and which were refused by the court, are as follows:

"I. The court holds as a proposition of law in this case that a claim must be filed within one year from granting letters of administration to collect, in order that the same may be paid out of inventoried assets.

"II. The court holds that in the Estate of Wolf Freilich, deceased, letters to collect were issued to Eva Freilich, Administratrix to Collect, on September 21, 1910; that thereafter on the 17th day of October, 1910, said Administratrix to Collect filed her inventory herein as provided by law; and thereafter, to-wit, on October 18, 1911, the claims of J. Wener & Co. and Schwabe, Lowenstein & Co., were filed in the Probate Court of Cook County, which was after one year from the granting of letters to collect; and the court, therefore, holds as a proposition of law that said claim may be allowed and paid pro rata as a claim of the seventh class, out of such subsequently discovered assets of said Estate as may be discovered to be not inventoried and not accounted for."

The solution of the question presented involves a consideration of several sections of the statute relating to the administration of estates.

Section 1 (J. & A. ¶ 49) provides that when a will has been duly proved and allowed, letters testamentary shall issue thereon, and section 10 (J. & A. ¶ 58) prescribes the form of such letters testamentary. Section 11 (J. & A. ¶ 59) is as follows:

"During any contest in relation to the probate of any will, testament or codicil, before the same is recorded, or until a will which may have once existed, but is destroyed or concealed, is established, and the substance thereof committed to record, with proof thereupon taken, or during any contest in regard to the right of executorship, or to administer the estate of any person dying either testate or intestate, or whenever any other contingency happens which is productive of great delay before letters testamentary or of administration can be issued upon the estate of such

testator or intestate, to the person or persons having legal preference to the same, the county court may appoint any person or persons as administrators, to collect and preserve the estate of any such decedent, until probate of his will, or until administration of his estate is granted, taking bond and security for the collection of the estate, making an inventory thereof, and safe keeping and delivering up the same when thereunto required by the court, to the proper executor or administrator, whenever they shall be admitted and qualified as such.''

Section 12 (J. & A. ¶ 60) prescribes the form of letters to be granted to the person or persons appointed to collect and preserve the estate of the decedent.

Section 15 (J. & A. ¶ 63) is as follows:

''Every collector so appointed shall have the power to collect the goods, chattels and debts of the said deceased, according to the tenor of the said letters, and to secure the same at such reasonable and necessary expense as shall be allowed by the court; and the said court may authorize him, immediately after the inventory and appraisement of such estate, to sell such as are perishable, or may depreciate by delay, and to account for the same; and for the whole trouble incurred by such collector the court may allow such commission on the amount of the said personal estate as shall be actually collected and delivered to the proper executor or administrator, as aforesaid, as said court may deem just and reasonable: *Provided,* the same shall not exceed six per cent. on the amount stated in such inventory or bill of appraisement.''

Section 17 (J. & A. ¶ 65) provides that on the granting of letters testamentary or of administration, the power of any such collector, so appointed, shall cease, and it shall be his duty to deliver, on demand, all property and money of the deceased to the person or persons obtaining such letters, and prescribes a penalty in case such collector fails so to do.

Section 18 (J. & A. ¶ 66) provides for the granting

of letters of administration of the estate of all persons dying intestate, and section 21 (J. & A. ¶ 70) prescribes the form of such letters.

Section 51 (J. & A. ¶ 100) provides that whenever letters testamentary of administration or of collection are granted, the executor or administrator shall make out a full and perfect inventory of the real and personal estate of the decedent, and return the same to the office of the clerk of the County Court within three months from the date of the letters testamentary or of administration.

Section 60 (J. & A. ¶ 109) requires every administrator or executor to fix upon a term of the court within six months from the time of his qualification, for the adjustment of all claims against the decedent, and to give the prescribed notice to persons having such claims.

Section 70 (J. & A. ¶ 119) provides, in part, seventh clause, as follows:

"All [of] other debts and demands of whatever kind without regard to quality or dignity which shall be exhibited to the court *within one year from granting of letters as aforesaid,* and all demands not exhibited within one year as aforesaid shall be forever barred unless the creditors shall find other estate of the deceased not inventoried or accounted for by the executor or administrator, in which case their claims shall be paid pro rata out of such subsequently discovered estate, saving, however, to infants, persons of unsound mind, persons without the United States, in the employment of the United States or of this state, the term of one year after their respective disabilities are removed to exhibit their claims."

If the words "letters as aforesaid," as employed in the seventh clause of section 70, above quoted, are intended to include letters granted by the Probate Court to a collector or administrator to collect, as provided in section 11 of the Act, the claims here involved were not exhibited by appellee within the time necessary to

entitle them to be paid out of the estate of the decedent inventoried or accounted for by the administrator to collect, and the judgments must be reversed, or so modified as to make said claims payable only out of any subsequently discovered estate of the decedent.

It may be conceded that observance of the strict letter of the language employed in the seventh clause of section 70 would compel an interpretation of the phrase "letters as aforesaid," as being inclusive of letters granted to an administrator appointed to collect under the provisions of section 11, but the letter of a statute is subordinate to the intention. "A thing within the intention is regarded as within the statute though not within the letter, and a thing within the letter is not within the statute unless within the intention." *People ex rel. Krause v. Harrison,* 191 Ill. 257, 266.

An administrator to collect, or collector, is merely a temporary officer appointed by the court to collect and preserve the estate of a decedent "until probate of his will, or until administration of his estate is granted." He is without authority either to adjust the claims of creditors against his decedent, or to pay out the funds of the estate coming into his hands. *People ex rel. Bulkley v. Salomon,* 184 Ill. 490; *In re Estate of Wincox,* 186 Ill. 445. That the administration of the estate of a decedent, in accordance with the provisions of the act relating to the administration of estates, was not contemplated by the Legislature to be entered upon until letters testamentary or of administration, as distinguished from letters "of collection" were granted, is apparent from a consideration of the language employed in the several sections of the act.

Under section 11, the contingency which authorizes the appointment of an administrator to collect arises from great delay "before letters testamentary or of administration" can be issued, and such appointment extends only until probate of the will of the decedent,

or "until administration of his estate is granted," when such administrator to collect is required to deliver the estate in his hands to the "proper" executor or administrator.

Under section 12 the prescribed form of letters to be granted to the person appointed to collect the estate of the decedent, states, as the occasion for such appoinment, that "the administration whereof cannot be immediately granted to the persons by law entitled thereto."

In section 15 such appointee is denominated a "collector," and it is provided that he may be allowed a commission upon the amount of the estate actually collected and delivered to the "proper" executor or administrator, as aforesaid. In section 17 such appointee is styled a "collector."

While the question involved is not altogether free from doubt, we are disposed to hold that the interpretation placed by the trial court upon the phrase "letters as aforesaid," employed in the seventh clause of section 70, should prevail, as being more nearly in conformity with the expressed intention of the Legislature than is the interpretation contended for by appellant.

That is to say, the phrase "letters as aforesaid" should properly be interpreted as referring only to letters testamentary granted after probate of a will, or to letters of administration in due course granted on the estate of a decedent.

The judgments will be affirmed.

*Judgments affirmed.*