JACOB WENER & Co., Appellee, *vs.* EVA FREILICH, EXRX., Appellant.—JOSEPH M. SCHWABE *et al.* Appellees, *vs.* EVA FREILICH, Exrx., Appellant.

*Opinion filed April 22, 1915.*

1. EXECUTORS AND ADMINISTRATORS—*an administrator to collect has no authority to pay claims.* Under the statute the duties and powers of an administrator to collect are limited to collecting and preserving the estate until an administrator or executor is appointed, and the administrator to collect has no authority to pay claims nor to publish notice of a day of adjustment.

2. SAME—*time for presenting claims runs from date letters testamentary or of administration were issued.* The requirement of section 70 of the Administration act that debts or demands against the estate shall be exhibited to the court "within one year from granting of letters as aforesaid," refers to the granting of letters testamentary or of administration and not to letters to collect.

APPEAL from the Branch "C" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding.

ELIJAH N. ZOLINE, (MORRIS K. LEVINSON, of counsel,) for appellant.

HINER, BUNCH & LATIMER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellees, Jacob Wener & Co. and Schwabe, Lowenstein & Co., filed claims in the probate court of Cook county against the estate of Wolf Freilich, deceased. The claims were allowed by that court and appeals were prosecuted on behalf of the estate to the circuit court of Cook county. The facts are stipulated, and it is agreed between the parties that but one question is involved, and that is a question of law. It is not stipulated when Wolf Freilich died, but it is agreed that letters of administration to collect were issued to Eva Freilich on September 21, 1910, by the pro-

bate court of Cook county. As such administrator to collect she filed an inventory of the estate October 17, 1910. On October 19, 1910, letters testamentary were issued to Eva Freilich as executrix of the estate of Wolf Freilich, and on October 18, 1911, the claims of the appellees were filed against said estate. The stipulation recites: "The sole question of law to be decided is whether said claims were filed with the probate court of Cook county within one year from granting of letters." It is the claim of appellant, the executrix, that the year for filing claims began to run from the date of the issuance of letters to collect, while appellees claim the year began to run from the date letters testamentary issued. The appeals were consolidated in the circuit court and tried as one case, without a jury. The circuit court refused to hold propositions of law sustaining the contention of appellant and rendered judgments in favor of the claimants. The executrix appealed from the judgments of the circuit court to the Appellate Court for the First District. That court affirmed the judgments of the circuit court and granted a certificate of importance, upon which further appeals are prosecuted to this court.

If the year within which creditors are required to file claims against estates is to be computed from the date letters of administration to collect were issued, the claims were not filed within the required time and could not have properly been ordered paid out of the inventoried assets of the estate. Letters to collect were issued on September 21, 1910, and the claims were filed October 18, 1911. Letters testamentary were issued October 19, 1910, and if the year is to be computed from that date then the claims were filed within the year and were properly allowed and ordered paid out of the inventoried assets of the estate. We are of opinion the judgments were authorized by the law. Section 11 of the chapter on administration provides, in substance, that when any contingency happens to delay the issuing of letters testamentary or of administration to the·

person or persons having legal preference to the same, the county court may appoint any person administrator to collect and preserve the estate of the decedent "until probate of his will, or until administration of his estate is granted." Such administrator to collect is required to give bond, make an inventory of the estate and deliver the same, when required by the court, to the proper executor or administrator when one should be appointed and qualify. The form of the letters of such administrator to collect is prescribed by section 12 and the form of bond by section 13. Section 15 provides that "every collector so appointed shall have the power to collect the goods, chattels and debts of the said deceased, according to the tenor of the said letters," and he may by order of the court, sell perishable property. For his services he may be allowed a commission, not exceeding six per cent upon the personal estate actually collected and delivered to the proper executor or administrator. Section 17 provides that when letters testamentary or of administration are granted the power of any such collector shall cease, and he shall deliver, on demand, all property and money of the deceased which have come to his hands to the person having letters testamentary or of administration. An administrator to collect is authorized to be appointed only in cases where there is delay in the issue of letters testamentary or of administration to the person having legal preference thereto, for the purpose of collecting and preserving the estate until letters testamentary or of administration shall be issued. Letters testamentary or of administration must be issued to the persons designated in the statute. Letters to collect may be issued to anyone, and such collector or administrator to collect has not the powers of an administrator or executor. He has no authority to pay claims. (*In re Estate of Wincox,* 186 Ill. 445; *People* v. *Salomon,* 184 id. 490.) The duties and powers of an administrator to collect are limited by the statute to collecting and preserving the estate until

an administrator or executor is appointed. Having nothing to do with the payment of claims he is not authorized or required to publish notice of a day of adjustment. The power and duty of adjusting and paying claims are conferred upon the executor or administrator, and the requirement of section 70 that debts and demands against the estate shall be exhibited to the court "within one year from granting of letters as aforesaid," we think clearly refers to letters testamentary or of administration and not letters to collect.

In our opinion the judgments were right, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*