## William C. Slatts, Appellant, v. Estate of David M. Bernstein, Deceased, et al., Appellees.

### Gen. No. 23,635.

1.  EXECUTORS AND ADMINISTRATORS, § 217*—*when judgment against administrator to collect not provable as claim against estate.* A demurrer to a petition that an order to discharge administrators with the will annexed be vacated and that a judgment in a replevin suit against administrators to collect be allowed as a claim against the estate is properly sustained where no process was served in the replevin suit on the administrators to collect and no issue was joined between them and plaintiff, in that capacity, but the only service of summons was upon one of such administrators individually, and he filed a plea individually, that no service was had on the other and that the administrators with the will annexed were not made parties to the suit and had no connection therewith.

2.  EXECUTORS AND ADMINISTRATORS, § 78*—*when replevin suit does not lie against administrators to collect.* The duties and obligations of administrators to collect are strictly limited to those prescribed by statute, and a replevin suit cannot be brought against them.

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 5, 1918. Rehearing denied March 18, 1918.

EDWARD MARSHALL, for appellant.

JOHN H. LALLY, for appellees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
   Vol. CCIX 35

MR. JUSTICE McSURELY delivered the opinion of the court.

By this appeal William C. Slatts seeks to have reversed the order of the Circuit Court sustaining a demurrer to his amended petition, which went to the Circuit Court on appeal from the Probate Court.

The material facts seem to be that on February 26, 1906, one Charles H. Seaman began a suit of replevin in the County Court of Cook county against David L. Ettelson and Flora Bernstein, administrators to collect of the estate of David M. Bernstein, deceased, plaintiff claiming that Bernstein in his lifetime had taken a certain diamond ring belonging to plaintiff and withheld possession thereof. The property was not delivered to the sheriff, and on June 3, 1911, judgment for $705 and costs was rendered in favor of the plaintiff and against the administrators to collect, which judgment was subsequently assigned to Slatts.

The same David L. Ettelson and Flora Bernstein were also appointed administrators with the will annexed, and after their service as such filed their final account and were discharged. On May 18, 1916, a petition was filed in the Probate Court praying that the order of discharge of said administrators with the will annexed be vacated and that such judgment in the replevin suit be allowed as a claim against the estate. Subsequently the Probate Court sustained a demurrer to the petition, and on appeal to the Circuit Court the demurrer was also sustained.

A number of sufficient reasons for the correctness of this order are presented. Among these is the fact that the record shows that in the original replevin suit no process was ever served on the administrators to collect and never any issue joined between them in that capacity and the plaintiff, Charles H. Seaman. The only service of summons in that case was upon David L. Ettelson individually, who filed a plea in

his individual capacity, and no service whatever was had on Flora Bernstein. Neither were the administrators with the will annexed ever made parties to the suit, nor did they have any connection with it. A complete answer, however, to plaintiff's claim is that the administrators to collect were not proper subjects of the replevin suit. The powers and duties of such administrators are only those prescribed by statute, and we find nothing therein authorizing them to do more than "to collect and preserve the estate of any such decedent, until probate of his will, or until administration of his estate is granted." See section 11, ch. 3, Administration Act (J. & A. ¶ 59), also sections 12, 13, 16, 17 and 18 (J. & A. ¶¶ 60, 61, 64, 65, 66). Among the cases holding that the duties and obligations of administrators to collect are strictly limited, and negativing the power to bring suit against them, are *Chicago Title & Trust Co. v. Wheeler,* 119 Ill. App. 508; *Wheeler v. Chicago Title & Trust Co.,* 217 Ill. 128; *In re Estate of Wincox,* 186 Ill. 445; *State v. Second Judicial Dist. Court,* 18 Mont. 481; *Jacob Wener & Co. v. Freilich,* 268 Ill. 58; *People v. Salomon,* 184 Ill. 490.

It has been expressly held in *Leamon v. McCubbin,* 82 Ill. 263, that an heir cannot sue on a note, but must wait until the administrator is appointed; and in *Berry & Whitmore Co. v. Dante,* 43 App. Cas. (D. C.) 110, it has been specifically held that a creditor of an estate has no right to maintain an action against an administrator to collect, for while the statute providing for the appointment of such collector authorizes him to bring suit, it does not authorize suits to be brought against him. The statute under consideration in that case is the same substantially as our Illinois statute.

For the reasons above indicated the judgment of the Circuit Court is affirmed.

*Affirmed.*