## In the Matter of the Estate of Amarilla M. Dow, Deceased, Appellee, v. Grant McArthur, Appellant.

### Gen. No. 7,468.

1.  STATUTES—*construction of statutes in pari materia.*  It is a fundamental rule of statutory construction that not only should the intent of the lawmakers be deduced from a view of the whole statute, and of its every material part, but statutes in pari materia should be construed together.

2.  STATUTES—*application of omitted provisions where statutes in pari materia construed together.*  Where two acts in pari materia are construed together and one of them contains provisions omitted from the other, the omitted provision will be applied in a proceeding under the act not containing such provisions, where not inconsistent with the purposes of the act.

3.  ESTATES OF DECEDENTS—*construction of statutes respecting power of administrator to collect to vote decedent's stock.*  Section 45 of the Corporation Act (Cahill's St. ch. 32, ¶ 45) and section 11 of the Administration Act (Cahill's St. ch. 3, ¶ 11) as amended in 1919, being acts in pari materia, must be construed together in

order to determine the power of an administrator to collect to vote stock held by his decedent.

4. ESTATES OF DECEDENTS—*powers of administrator to collect.* The powers of an administrator to collect are limited strictly to those expressly prescribed by statute; he does not have the general powers of an administrator.

5. ESTATES OF DECEDENTS—*prerequisites to power of administrator to collect to vote corporate stock held by decedent.* An administrator to collect has no authority to vote corporate stock of his decedent without first obtaining the direction and order of the court.

6. ESTATES OF DECEDENTS—*effect of ex parte order prohibiting administrator to collect from voting decedent's stock.* Since an ex parte order of the probate court prohibiting an administrator to collect from voting corporate stock held by his decedent in no way precluding such representative from applying for and upon proper showing obtaining an order permitting him to vote such stock, he was not aggrieved by the issuance of the prohibitory order, and it was not error for the circuit court to dismiss the administrator's appeal therefrom.

7. APPEAL AND ERROR—*restriction of right of appeal to persons aggrieved by judgment appealed from.* The right to relief by appeal exists only in favor of a party whose rights have been prejudiced by the judgment appealed from.

Appeal by defendant from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed March 3, 1926.

JUSTIN K. ORVIS and C. C. BOMBAUGH, for appellant.

CULVER, ANDREWS & KING and PAUL MACGUFFIN, for appellee; OSCAR S. SEAVER, of counsel.

MR. PRESIDING JUSTICE JONES delivered the opinion of the court.

An order was entered in the probate court of Lake county admitting to probate the will of Amarilla M. Dow, and from that order an appeal was prosecuted to the circuit court. A bill was also filed in the circuit court to contest the will. Pending the hearing of those two cases in the circuit court, Grant McArthur, appel-

lant herein, was appointed administrator to collect. Among the property of the decedent were certain shares of stock in the W. H. Dow Manufacturing Company, and the annual stockholders' meeting of that corporation was to be held on October 6, 1924, at 4 o'clock p. m. Ruth Irene Wright, who was named as executrix in the will of Amarilla M. Dow, on the day of the stockholders' meeting, filed her bill for an injunction to restrain appellant from voting this stock at the annual meeting of the stockholders of the corporation. The presiding judge of that court on a preliminary hearing suggested that counsel take the matter up in the probate court. Thereupon, about 3 o'clock p. m. of that day, she filed her petition in the probate court for' an order directing appellant not to vote such stock at said meeting. An order upon an ex parte hearing was entered, granting the prayer of the petition and ordering a citation to issue forbidding appellant to vote said stock until directed and authorized so to do by the court. The citation was served upon appellant by the sheriff prior to the stockholders' meeting at 4 o'clock. Appellant perfected his appeal to the circuit court from the order of the probate court, and afterward the petitioner entered her motion in the circuit court to dismiss the appeal. The motion was allowed and the appeal dismissed. From the order dismissing the appeal appellant has prosecuted his further appeal to this court.

The only question involved in this case is as to whether the circuit court properly dismissed the appeal. Appellant claims that as administrator to collect he had an absolute right to vote the stock of decedent under the provisions of section 45 of the Corporation Act [Cahill's St. ch. 32, ¶ 45], and that the probate court had no power to restrain him from doing so. He also claims that under section 309 of chapter 37 of the Revised Statutes [Cahill's St. ch. 37, ¶ 341], entitled "Courts," the circuit court erred in dismissing his ap-

peal and should have heard the cause *de novo*. Section 45 of the Corporation Act provides: "Each executor, administrator, conservator, guardian, receiver, or trustee may vote the stock in his hands at all meetings of the corporation." Section 11 of the Administration Act [Cahill's St. ch. 3, ¶ 11] after providing for the appointment of an administrator to collect in certain cases there enumerated, also provides: "Such administrator to collect shall have such powers and authority as is vested by law in an executor or administrator, provided the same be exercised under and subject to the direction and order of the court, first obtained." The provision of section 11 above quoted was added by amendment at the 1919 session of the General Assembly, and the Corporation Act, including section 45, was passed at the same session; both acts were approved the same day. It is a fundamental rule of statutory construction that not only should the intent of the lawmakers be deduced from a view of the whole statute, and of its every material part, but statutes *in pari materia* should be construed together. The rule applies with peculiar force to statutes that are contemporaneous. (*People v. Wallace*, 291 Ill. 465, p. 470.) Where two acts *in pari materia* are construed together and one of them contains provisions omitted from the other, the omitted provisions will be applied in a proceeding under the act not containing such provisions, where not inconsistent with the purposes of the act. (*People v. Cowen*, 283 Ill. 308, 316.) It is apparent that the provisions of the two acts must be construed together. Previous to the amendment of section 11 of the Administration Act in 1919, the powers of an administrator to collect were limited to collecting and preserving the estate, making an inventory thereof and delivering it to the proper executor or administrator. It has been repeatedly held in this State that the powers of an administrator to collect are limited strictly to those expressly prescribed by statute;

he does not have the general powers of an administrator. (*Wener & Co. v. Freilich,* 268 Ill. 58; *Freilich v. Wener,* 188 Ill. App. 577; *In re Wincox's Estate,* 186 Ill. 445; *People v. Salomon,* 184 Ill. 490; *Slatts v. Bernstein,* 209 Ill. App. 545.)   The amendment enlarged these powers only in cases where the administrator to collect acts under the direction and order of the court first obtained, and an administrator to collect has no authority to vote corporate stock of his decedent without first obtaining the direction and order of the court.   It nowhere appears in the record that appellant as administrator to collect had ever applied to the probate court for its direction and order to vote the stock of decedent.   He had no authority to vote it without being directed to do so by the court, and it was useless to file the petition in the probate court for an order forbidding the administrator to collect from doing what the statute prohibited him from doing.   It also appears from the record that it was an ex parte proceeding without any notice whatever to appellant. If the proceedings were of any legal significance, the appellant certainly was entitled to notice and an opportunity to be heard.   The order appealed from was not a final order.   It in no way precluded appellant from applying for and obtaining an order to vote the stock in question upon a proper showing, and he was in no way aggrieved by its entry.   It simply left the parties where they were before it was entered.   It is the established rule that the right to relief by appeal exists only in favor of a party whose rights have been prejudiced by the judgment appealed from.   (*McCollister v. Greene County Nat. Bank,* 171 Ill. 610, and cases there cited.)   Under these circumstances, as well as the things appearing upon the face of the record, there was nothing for the circuit court to hear *de novo.*   The appeal was therefore properly dismissed and the judgment of the circuit court will be affirmed.

*Judgment affirmed,*